PER CURIAM.
Buffkin appeals his convictions for trafficking in stolen property and grand theft, raising four issues. We find none of these issues merit extensive discussion and affirm.
Appellant first contends that the trial court’s exclusion of certain of his testimony, on hearsay grounds, was error. We agree that the testimony sought to be elicited, relating to statements allegedly made to appellant by a person purporting to be the owner of the truck which was the subject of both offenses charged, was improperly excluded. However, this ruling did not preclude other testimony by appellant fully explaining his involvement with the stolen truck.
As for appellant’s second point, that he was deprived of his constitutional right to the assistance of counsel, we find that the record does not support appellant’s contention that he was prevented from consulting with his counsel during a recess in his cross-examination.
Next, we find the prosecutor’s comments during closing argument complained of by appellant were more in the nature of comments on credibility rather than on *758 character, but in any event, reversible error is not shown because there was no objection and no motion for mistrial. Nixon v. State, 572 So.2d 1336 (Fla.1990).
Finally, the state, on appeal, has furnished no convincing legal justification for the trial court’s special instruction to the jury pertaining to appellant’s refusal to answer a question after being ordered by the court. We therefore do not approve the notion, suggested by the state below and argued here, that the instruction was justified as a court-imposed “sanction” for contempt based upon appellant’s in-court refusal to identify the person initially in possession of the stolen truck. We seriously question whether such a “sanction” should take the form of a special instruction to the jury commenting on such refusal and focusing upon appellant’s credibility. Moreover, we find from examination of the record that the procedural steps required for an adjudication of criminal contempt under Rule 3.830, Florida Rules of Criminal Procedure, were not utilized by the court. There was no objection to the instruction, however, and we do not believe fundamental error has been shown.
Notwithstanding our agreement that errors occurred in the trial, as briefly outlined above, we conclude upon examination of the record, which demonstrates overwhelming evidence of guilt, that the asserted errors were harmless. State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
The judgments and sentences appealed from are AFFIRMED.
SMITH, BARFIELD and WOLF, JJ., concur.